IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | 06 Cr. 442 (LAP) |
| | \| | |
| | \| | |
| v. | \| | The Hon. Loretta A. Preska |
| | \| | |
| SYED HASHMI, | \| | |
| | \| | <u>Filed via ECF</u> |
| Defendant. | \| | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defense respectfully submits this sentencing memorandum to request that the Court impose a reasonable sentence as per the plea agreement entered between the defense and the government, the factors outlined in 18 U.S.C. § 3553, and the sentencing recommendation by the Probation Office.

**Background**

On April 27, 2010 Mr. Hashmi and the government executed a written plea agreement.  Pursuant to that plea agreement, Mr. Hashmi entered plea of guilty on April 27, 2010 to Count One of the indictment, which carries a statutory maximum sentence of 15 years' imprisonment.

**The Plea Agreement**

Prior to the scheduled trial date, Mr. Hashmi, through counsel, notified the government that he did not wish to go forward with a trial but instead wanted to accept responsibility and enter a plea of guilty.  A formal plea agreement between Mr. Hashmi and the government was negotiated and a copy has been provided to the Court and the Probation Office.

1

Mr. Hashmi agrees with the calculation of the appropriate Guidelines range as set forth in the plea agreement and in the Presentence Investigation Report ("PSR").  As detailed in those documents, the applicable Guidelines offense level is 38 and the applicable criminal history level is VI, resulting in a stipulated sentencing Guidelines range of 15 years' imprisonment pursuant to U.S.S.G. § 5G1.1(a).  PSR ¶¶ 27-39, 60-61.

**The Probation Office's Sentencing Recommendation**

After analyzing relevant court documents and interviewing Mr. Hashmi and his family members, the Probation Office has made a sentencing recommendation to the Court that falls within the parameters set forth in the plea agreement.  Specifically, the Probation Office has recommended a sentence of 15 years' imprisonment.  PSR at 16 (Sentencing Recommendation).  In addition, the Probation Office has recommended that no fine be imposed in light of Mr. Hashmi's inability to pay.  Id. at 16 & 18.

**Analysis**

**I.      Sentencing Post-*Booker***

Under Booker and its progeny, including United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) and United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc), the Sentencing Guidelines, while no longer mandatory, are advisory and should be "taken into account" in determining the appropriate sentence under 18 U.S.C. § 3553(a). Booker, 543 U.S. at 264; see also Cavera, 550 F.3d at 189 ("The Guidelines provide the 'starting point and the initial benchmark' for sentencing, and district courts must 'remain cognizant of them throughout the sentencing process'")(quoting Gall v. United States, 128 S. Ct. 586, 596 & n.6 (2007)).

The Second Circuit has emphasized that "a district court may not presume that a

Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." <u>Cavera</u>, 550 F.3d at 189.  When considering whether to impose a sentence outside of the recommended Guidelines range, a district court "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance,'" <u>Cavera</u>, 550 F.3d at 189 (quoting <u>Gall</u>, 128 S. Ct. at 597), in order to reach "an informed and individualized judgment in each case as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing."  <u>Id</u>. (quoting 18 U.S.C. § 3553(a)).

In determining an appropriate sentence, a district court must adhere to § 3553(a), which directs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  Such a sentence must be fashioned:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

<u>See</u> 18 U.S.C. §3553(a)(2).

In the final analysis, the district court must consider all the factors outlined 18 § 3553(a):

>   • the nature and circumstances of the offense and the history and characteristics of the defendant;

3

• the four legitimate purposes of sentencing;

• the kinds of sentences available;

• the Guidelines range itself;

• any relevant policy statement by the Sentencing Commission;

• the need to avoid unwarranted sentence disparities among
   defendants; and

• the need to provide restitution to any victims.

**II.   Applying the § 3553(a) Factors**

Pursuant to the negotiated plea agreement, the defense agrees that a reasonable sentence is the stipulated Guidelines sentence of 15 years' imprisonment.  Taking into account all of the factors set forth in § 3553(a), it is respectfully submitted that such a sentence constitutes not only a sentence "sufficient but not greater than necessary" to achieve the objectives of sentencing, but also a "reasonable" sentence under post-Booker sentencing jurisprudence.

**A.   The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Hashmi**

***i.   The Nature and Circumstances of the Offense***

Mr. Hashmi has pleaded guilty to conspiracy to provide material support to al Qaeda.  In his plea allocution, Mr. Hashmi admitted his illegal conduct, which included permitting Junaid Babar to store certain items, such as ponchos and waterproof socks, at Mr. Hashmi's London flat knowing that Babar intended to provide the items to al Qaeda. See Plea Transcript at 14-16.  Mr. Hashmi did not initiate the charged conspiracy but did lend his assistance to Babar.  Mr. Hashmi regrets his decision and recognizes that it was wrong.

Mr. Hashmi never has been a member of al Qaeda and never had direct ties with al Qaeda.  After Babar was arrested in the spring of 2004, Mr. Hashmi remained at liberty for more than two years, but did not provide any further material support to al Qaeda.

### ii.      The History and Characteristics of Mr. Hashmi

The PSR details Mr. Hashmi's family ties, family responsibilities, community ties, mental and emotional health, physical condition, lack of substance abuse history, educational achievements, employment record, and financial condition.

Mr. Hashmi was born in Pakistan in 1980.  PSR ¶ 40.  Mr. Hashmi's parents immigrated to the United States in 1983, when Mr. Hashmi was just three years old.  PSR ¶ 41.  From age three on, Mr. Hashmi grew up in the family's apartment in Flushing, Queens.  See PSR ¶ 45.  Mr. Hashmi graduated from Robert F. Wagner High School in 1998.  PSR ¶ 50.  Mr. Hashmi received his undergraduate degree from Brooklyn College in 2003 and received his master's degree in International Relations and Globalization from London Metropolitan University in 2005.  Id.

Mr. Hashmi has significant familial and community ties.  Mr. Hashmi's immediate family includes his father, Anwar Hashmi, who is a retired accountant, his mother, Arifa Bukhari Hashmi, and his older brother, Syed Faisal Hashmi.  PSR ¶ 40.  Mr. Hashmi has a large extended family, including a sister-in-law, a niece and a nephew, several aunts, uncles, and cousins, many of whom live in New York City and the surrounding region.  See, e.g. PSR ¶¶ 41-43.   Mr. Hashmi is well-known in the Flushing community for his religious devotion and selfless character.

Mr. Hashmi's father has described his son as "a very good person, very kind and lovable."  PSR ¶ 42.  Mr. Hashmi's father also stated that Mr. Hashmi's incarceration has

been very hard on the family, yet the family is "hoping and praying for [Mr. Hashmi] every day." Id.

Except for the instant case, Mr. Hashmi has never been arrested or charged with any crime. PSR ¶¶ 38-39. Mr. Hashmi has no history of drug or alcohol abuse. PSR ¶ 49.

Mr. Hashmi's psychological, emotional, and physical well-being have been negatively affected by prolonged subjugation to solitary confinement and special administrative measures. As stated in the PSR, Mr. Hashmi reports "anxiety and stress" due to his detention conditions. PSR ¶ 48.

Mr. Hashmi is indigent and now relies upon his family for commissary support.

**B.     A Sentence of 15 Years' Imprisonment Will Adequately and Reasonably Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Will Adequately and Reasonably Protect the Public from Further Crimes of Mr. Hashmi**

A sentence of 15 years' imprisonment more than satisfies the remaining 18 U.S.C. § 3553(a) factors. Such a sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Indeed, such a sentence would constitute the maximum statutory sentence for the charged offense.

A sentence of 15 years' imprisonment more than affords adequate deterrence to criminal conduct. Such a sentence sends a strong message to the public that the provision of non-lethal support to al Qaeda carries serious ramifications.

The hard lessons of incarceration will not be lost on Mr. Hashmi, who already has endured three years of solitary confinement and about two and a half years of detention under special administrative measures. Mr. Hashmi, who will likely be in his late 30's

when released, will not commit any further crimes upon his release, even after his period of supervised release is over.

### C.      The Court Should Decline to Impose a Fine

Taking into consideration Mr. Hashmi's indigency, PSR ¶¶ 58-59, and the recommendation of the Probation Office, PSR at 16 & 18 (Sentencing Recommendation), it is respectfully requested that the Court decline to impose a fine.

### D.      There is No Need to Order Restitution

Restitution is not applicable in this case as noted by the Probation Office.  PSR at 16 (Sentencing Recommendation).

### Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that the Court impose a reasonable sentence as per the plea agreement.


Dated:  June 7, 2010
              New York, New York


                                        Respectfully submitted,

                                        SEAN M. MAHER
                                        ANTHONY L. RICCO
                                        DAVID A. RUHNKE
                                        *Counsel for Mr. Hashmi*


                          By:  _____/S/_____
                                        Sean M. Maher
                                        The Law Offices of Sean M. Maher, PLLC
                                        233 Broadway, Suite 801
                                        New York, New York 10279
                                        (212) 661-5333
                                        (212) 227-5808 fax

7